NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3571

FELICIA VITALE;
LOUIS VITALE,

Appellants

v.

CARRIER CLINIC, INC.

Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 3-08-cv-03472)
District Judge: Hon. Freda L. Wolfson

Submitted pursuant to Third Circuit LAR 34.1(a)
November 8, 2010

Before: McKEE, *Chief Judge*, SLOVITER and
COWEN, *Circuit Judges*

(Opinion filed: December 17, 2010)

OPINION

McKEE, *Chief Judge*.

Felicia and Louis Vitale, wife and husband, appeal from the district court's order

dismissing their medical malpractice action against Carrier Clinic, Inc., with prejudice.

The court dismissed the complaint because they failed to comply with New Jersey's

Affidavit of Merit statute, N.J.S.A. § 2A:53A-26 to -29.[1]  For the reasons that follow, we

---

[1] The district court had jurisdiction pursuant to 28 U.S.C. § 1332.  We have jurisdiction

1

will affirm.

**I.[2]**

The Carrier Clinic filed a motion to dismiss pursuant to Rule 12(b)(6) contending that the Vitales failed to comply with New Jersey's Affidavit of Merit statute, N.J.S.A. § 2A: 53A-26 to -29.

New Jersey's Affidavit of Merit statute states in relevant part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A. § 2A:53A-27.[3]

"The statute applies to all actions for damages based on professional negligence." *Paragon Contractors, Inc. v. Peachtree Condominium Assoc.*, 997 A.2d 982, 985 (N.J. 2010) (citations omitted). "The core purpose underlying the statute is to require plaintiffs

---

pursuant to 28 U.S.C. § 1291.

[2] Because we write primarily for the parties, we will recite only as much of the facts and procedural history of this case as are helpful to our brief discussion.

[3] New Jersey's Affidavit of Merit statute must be applied by federal courts sitting in diversity. *Chamberlin v. Giampapa*, 210 F.3d 154, 157 (3d Cir. 2000).

to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early state of the litigation." *Id*. (citation, internal quotation marks and ellipses omitted). "Importantly, there is no legislative interest in barring meritorious claims brought in good faith." *Id*. (citations and internal quotation marks omitted). "Indeed, the legislative purpose was not to create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims." *Id*. (citation, internal quotation marks and bracket omitted).

"Under the statute, an affidavit should be filed within sixty days of the filing of the answer." *Id*. (citation omitted). "However, if provided within sixty-one to 120 days after the answer is filed, the affidavit will be deemed timely so long as (1) leave to file is sought and (2) good cause is established." *Id*. (citations omitted). "Attorney inadvertence is considered good cause within that sixty-one to 120-day period." *Id*. (citation omitted).

"Neglecting to provide an affidavit of merit after the expiration of 120 days has different consequences and generally requires dismissal with prejudice because the absence of an affidavit of merit strikes at the heart of the cause of action." *Id*. (citation omitted). However "[w]here extraordinary circumstances are present, a late affidavit will result in dismissal without prejudice." *Id*. at 986 (citation omitted). While the New Jersey Supreme Court has "yet to define the full scope of extraordinary circumstances as an equitable remedy for failure to comply with the statute, [it has held] that attorney inadvertence [does not entitle] plaintiff to a remedy of dismissal of a complaint *without prejudice*." *Id*. (citation omitted). Indeed, "an attorney's inadvertence in failing to

3

timely file an affidavit will generally result in dismissal with prejudice." *Id*. (citation omitted).

In an opinion, dated July 31, 2009, *see Vitale v. Carrier Clinic, Inc.*, 2009 WL 2390602 (D.N.J. July 31, 2009), the district court explained that Dr. Tedesco was not an appropriately licensed person to sign an Affidavit of Merit because he is "not qualified to offer an expert opinion as to the professional standards of Carrier Clinic, a psychiatric facility," *Id*. at *4-6. The court also explained why Dr. Goldstein's affidavit of merit was untimely, *Id*. at *6; why the common knowledge exception did not apply, *Id.* at *7-8; and why the Vitales could not establish "substantial compliance." *Id*. at *8-10. We can add little, if anything, to the district court's analysis and discussion. Accordingly, we will affirm the district court substantially for the reasons set forth in the district court's opinion.

However, one matter remains. The Vitales contend that the district court's failure to hold a *Ferreira* conference constitutes reversible error. In *Ferreira v. Rancocas Orthopedic Assocs.*, 836 A.2d 779, 780-81 (N.J. 2003), the New Jersey Supreme Court "require[d] case management conferences in the early stages of malpractice actions to ensure compliance with the discovery process, including the Affidavit of Merit statute, and to remind the parties of the sanctions that will be imposed if they do not fulfill their obligations."

The Vitales argue that the district court's failure to hold a *Ferreira* conference constituted error because, had it had such a conference, the district court would have noticed that Dr. Tedesco's Affidavit of Merit was inadequate and it would have given

4

them ample time to substitute Dr. Goldstein's Affidavit of Merit in support of their claims.

The argument is meritless. Although New Jersey's Affidavit of Merit must be applied by federal courts sitting in diversity, the Vitales offer no authority for their contention that a federal district court sitting in diversity is required to follow case management procedures imposed on New Jersey trial courts by the New Jersey Supreme Court. Moreover, assuming *arguendo* that the district court should have held a *Ferreira* conference, the failure to hold such a conference does not provide the Vitales with any relief. *See Paragon Contractors*, 997 A.2d at 987 ("[O]ur creation of a tickler system to remind attorneys and their clients about critical filing dates plainly cannot trump the statute. In other words, the absence of a *Ferreira* conference cannot toll the legislatively prescribed time frames.").

**II.**

For the above reasons, we will affirm the district court.